**Opinion filed July 23, 2026**



In The

# Eleventh Court of Appeals

_____

## No. 11-26-00014-CR
_____

**DANA JOY JONES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 358th District Court**

**Ector County, Texas**

**Trial Court Cause No. B-23-0067-CR**

## M E M O R A N D U M   O P I N I O N

Appellant, Dana Joy Jones, appealed the trial court's judgment revoking her community supervision and adjudicating her guilty of the third-degree felony offense of deadly conduct by discharging a firearm. *See* TEX. PENAL CODE ANN. § 22.05(b)(1), (e) (West Supp. 2025). In one issue, Jones argues that the judgment must be modified to delete a fine not orally pronounced at sentencing. We modify and affirm.

On January 25, 2023, Jones pleaded guilty to deadly conduct by discharging a firearm. *Id.* Pursuant to the terms of a plea agreement between Jones and the State,

the trial court deferred a finding of guilt and placed Jones on deferred adjudication community supervision for four years. Two years later, the State filed a motion to adjudicate Jones's guilt. The State alleged that (1) Jones had committed the offense of theft of property in violation of Rule (a) of the rules of community supervision, and (2) Jones had failed to make a minimum monthly payment of $60.00 toward her supervision fee in violation of Rule (m) of the rules of community supervision.

At the hearing on the State's motion to adjudicate, Jones pleaded "not true" to the allegations in the motion. Following witness testimony, the trial court found one of the two allegations to be "true," adjudicated Jones guilty of the charged offense, and assessed her punishment at confinement for ten years in the Institutional Division of the Texas Department of Criminal Justice. Although not orally pronounced, the trial court's written judgment and the bill of costs include an assessment of $1,545.10 in fines.

In a single issue, Jones asserts the trial court erred in assessing a fine when the trial court did not orally pronounce the fine at sentencing. In its brief, the State agrees that the judgment revoking Jones's community supervision must be modified to delete the assessment of the fine.

"A defendant's sentence must be pronounced orally in his presence." *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004) (citing TEX. CODE CRIM. PROC. ANN. art. 42.03, § 1(a) (West Supp. 2025)). "[W]hen there is a conflict between the oral pronouncement and the written judgment, the oral pronouncement controls." *Burt v. State*, 445 S.W.3d 752, 757 (Tex. Crim. App. 2014). When a defendant is placed on deferred-adjudication community supervision, the adjudication of guilt and the imposition of sentence are deferred. *See Taylor*, 131 S.W.3d at 502. The fine from an original order of deferred adjudication does not carry forward in an adjudication proceeding unless the trial court, upon adjudication, imposes a fine when it pronounces the defendant's sentence in open court. *Id.*

("[W]hen guilt is adjudicated, the order adjudicating guilt sets aside the order deferring adjudication, including the previously imposed fine.").

Here, the order of deferred adjudication and the bill of costs from that proceeding indicate that the trial court initially assessed $1,550 in fines. However, at the time of Jones's sentencing, no fine was assessed in open court. The trial court's written judgment and the bill of costs, nonetheless, include the assessment of $1,545.10 for the fines. Because the trial court did not mention any fine when it orally pronounced Jones's sentence and because we have the necessary information for reformation, we modify the trial court's judgment adjudicating guilt and the bill of costs to delete the fines assessed. *See Taylor*, 131 S.W.3d at 502; *see also, e.g.*, *Gourley v. State*, 710 S.W.3d 368, 379 (Tex. App.—Fort Worth 2025, pet. ref'd) ("[T]he trial court did not orally pronounce the $100 fine that is included in the trial court's judgment. Thus, we sustain Gourley's second issue and modify the trial court's judgment to delete the $100 fine."); *Hall v. State*, No. 11-19-00400-CR, 2020 WL 5241067, at *1 (Tex. App.—Eastland Sept. 3, 2020, no pet.) (mem. op., not designated for publication) (modifying a bill of costs so as to delete the assessment of a fine when the record showed that the trial court did not orally pronounce a fine when it adjudicated the appellant's guilt and assessed punishment). We sustain Jones's sole issue on appeal.

We affirm the judgment of the trial court as modified.


                                                    W. BRUCE WILLIAMS

July 23, 2026                                       JUSTICE

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.